## JOHN H. CHINN, ET AL., *v.* O. B. GOULD, ET AL.

**Rights by Dedication.**
> Where property is dedicated for a certain purpose and is accepted by those to whom made, and they have held adverse possession thereof for many years and are then dispossessed under a writ issued in a cause to which they were not parties, such parties, or some of them for themselves and others entitled thereto, have a right to maintain an action to secure such rights and preserve the dedicated property for the benefit of themselves and all others entitled under the terms of the dedication to participate in its use.

APPEAL FROM GREENUP CIRCUIT COURT.

January 17, 1880.

OPINION BY JUDGE COFER:

Counsel for the appellee does not seem to question the validity of a parol dedication in a case like this and moreover it is distinctly and clearly alleged that those to whom the dedication was made have been in the actual adverse possession of the property for a period of more than fifteen years, and that they were dispossessed under a writ issued in a cause to which they were not parties. These facts constitute a clear right to restitution, unless, as claimed, the appellants had no legal right to sue, or the societies to which the dedication was made cannot be ascertained from the terms of the dedication as set forth in the petition.

The appellants attempt to sue in a double capacity, first, that they are the representatives of all the beneficiaries, and second, that they are themselves beneficiaries, and members of societies which are entitled to use the property, and as such have a right to maintain the action in order to preserve the property for the benefit of themselves, and of all others entitled under the terms of the dedication to participate in its use. We think they have a right to sue in either capacity.

The dedication was to charitable uses. The beneficiaries are the various Christian religious denominations and the public. These have no common organism; none of them appear to be incorporated. Under such circumstances they cannot maintain an action in the name of any one or all of the organizations, and must be permitted to sue by representation, or the charity must fail. Under such circumstances the chancellor will not permit the beneficent purpose of the donor to be defeated upon objections to mere form when he can see that the persons suing on behalf of the beneficiaries are doing so with the consent of those they undertake to represent.

Moreover, the appellants are interested as individuals, and may be permitted to sue for themselves and all others interested with them, and the court should have permitted them to do so.

Judgment *reversed* and cause remanded with directions to overrule the demurrers.

*T. H. Paynter, E. C. Phister, for appellants.*

*E. F. Dulin, for appellees.*